UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-6284 JGB (SPx)** | Date | October 8, 2013 |
| Title | *Amber Clavesilla, et al. v. Johnson & Johnson, et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Defendant's Motion to Stay (Doc. Nos. 13, 23); (2) DECLINING TO CONSIDER Plaintiffs' Motion to Remand (Doc. No. 14); and (3) VACATING the October 7, 2013 and October 21, 2013 Hearings (IN CHAMBERS)

     Before the Court are Plaintiffs' motion to remand (Doc. No. 14) and Defendant's motion to stay (Doc. Nos. 13, 23). The Court finds these matters appropriate for resolution without hearings. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers timely filed in support of and in opposition to the motions, the Court GRANTS Defendant's motion to stay and DECLINES TO CONSIDER Plaintiffs' motion to remand. The October 7, 2013 and October 21, 2013 hearings on the motions are VACATED.

## I. BACKGROUND

     On July 12, 2013, ninety-seven individual Plaintiffs filed a complaint in state court against Defendants Johnson & Johnson, Ethicon, Inc. ("Ethicon"), and Ethicon, LLC. ("Compl.," Not. of Removal, Doc. No. 1, Exh. A.) The Complaint alleges Plaintiffs suffered a variety of injuries from the surgical implantation of pelvic surgical mesh devices manufactured by Ethicon. (Compl. ¶¶ 1, 105.) On August 27, 2013, Defendants removed the action to this Court on the basis of diversity jurisdiction. (Not. of Removal at 7.)

On September 6, 2013, Ethicon moved to stay the case pending a transfer by the Judicial Panel on Multidistrict Litigation. ("MTS," Doc. No. 13.) On September 9, 2013, Plaintiffs moved to remand this action to state court, contending that complete diversity is lacking because Defendants' allegations of fraudulent joinder are unfounded. ("MTR," Doc. No. 14.)

On February 7, 2012, the Judicial Panel on Multidistrict Litigation opened an MDL action in the United States District Court for the Southern District of West Virginia for coordinated pretrial proceedings for all Ethicon pelvic mesh device-related litigation. See In re Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Litig. ["Ethicon MDL"], 844 F. Supp. 2d 1359 (J.P.M.L. 2012). To date, approximately 5,000 cases have been transferred to the Ethicon MDL. (MTS at 2.)

On August 30, 2013, Ethicon notified the MDL Panel of the pendency of this potential "tag-along" action. (MTS, Exh. B.) On September 11, 2013, the MDL issued a conditional transfer order. (MTS, Exh. C; Doc. No. 16.) Since Plaintiffs did not oppose the conditional transfer, the MDL transferred the case to the Southern District of West Virginia on September 12, 2013 to become part of In re: Ethicon, Inc., Pelvic Repair System Products, MDL No. 2327. (Doc. No. 17.) On September 16, 2013, the MDL excused Plaintiffs' untimely notice of opposition, which was filed one day late, reinstated the stay of the conditional transfer order, and transferred the case back to this Court pending decision on transfer. (Doc. No. 22.) Briefing on the transfer issue before the MDL Panel will be complete by October 15, 2013. (In re: Ethicon, Inc., MDL No. 2327, Doc. No. 1200.)

On September 16, 2013, Plaintiffs opposed the MTS. ("MTS Opp'n," Doc. No. 20.) Ethicon filed no reply. Ethicon opposed the MTR on September 30, 2013. ("MTR Opp'n," Doc. No. 24.) Plaintiffs filed no reply.[1]

## II.  LEGAL STANDARD

The United States Supreme Court holds that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket within economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). "Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citations omitted). District courts consider three factors when deciding whether to grant a motion to stay proceedings pending the motion filed with the MDL: "(1) potential prejudice to the non-moving party; (2) hardship and

---

[1] Believing that the temporary transfer of the action to the MDL terminated its motion, on September 20, 2013, Ethicon re-noticed its MTS. (Doc. No. 23.) Ethicon presents no additional facts or arguments in the re-noticed motion and "incorporates the Memorandum and Points and Authorities previously filed" as Doc. No. 13. (Doc. No. 23 at 2.) The Court therefore considers Plaintiffs' opposition to the initially noticed MTS (MTS Opp'n) as an opposition to the re-noticed motion as well.

inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Id.

### III. DISCUSSION

The Court finds that staying this action pending the MDL Panel's decision on transfer is appropriate. See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[S]ince it would serve the interests of judicial economy and because there is no evidence that it would prejudice Defendant, it is appropriate for this Court to grant Plaintiffs' motion to stay pending a MDL Panel decision regarding consolidation.").

Staying this action serves the interests of judicial economy and efficiency, as this Court need not take up factual and legal issues which may be decided uniformly by the MDL. Plaintiffs' pending motion to remand does not alter the Court's decision because the MDL can take up the issue of remand after transfer or this Court can rule on the motion if transfer is denied. Deferring "to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004). See also Couture v. Hoffman-La Roche, Inc., 2012 WL 3042994, *2 (N.D. Cal. July 25, 2012). Moreover, the jurisdictional issue to be decided here, namely fraudulent joinder of a non-diverse plaintiff, has been raised in other cases which have already been transferred to the MDL. See Borders, et al. v. Johnson & Johnson, et al., No. 3:13-cv-3201-K (N.D. Tex. Aug. 21, 2013); Bridgewater, et al. v. Johnson & Johnson et al., No. 5:13-cv-00843 (W.D. Okla. Aug. 8, 2013). Therefore, it is most efficient for the MDL to decide this jurisdictional issue once, rather than risk inconsistent rulings from numerous district courts across the country.

Numerous other courts in this Circuit have granted motions to stay and deferred ruling on a motion to remand pending transfer to the MDL. See, e.g., Jones, et al. v. Bristol-Myers Squibb Co., et al., No. 4:13-cv-2415-PJH, 2013 WL 3388659, at *5 (N.D. Cal. July 8, 2013) (granting motion to stay and withholding consideration of the motion to remand stating that "the instant case raises jurisdictional issues that are both complex and similar to those in other MDL-bound cases"); Rubio v. Arndal, 2013 WL 79669, at *2 (E.D. Cal. Mar. 4, 2013) (granting defendants' motion to stay the action pending transfer to the MDL proceeding, despite plaintiffs' motion to remand the case arguing against fraudulent misjoinder); Scroggins v. Hoffman-La Roche, Inc., 2012 WL 2906574, at *1-2 (N.D. Cal. July 16, 2012) (granting defendants' motion to stay proceedings pending transfer to an existing MDL while deferring ruling on plaintiff's motion for remand); Blalock v. DePuy Orthopaedics, Inc., 2011 WL 6217540, at *2 (N.D. Cal. Dec. 14, 2011) ("[I]nterests of judicial economy and avoiding inconsistent rulings favor staying the instant action to permit the MDL to resolve the issue of [fraudulent joinder].").

Moreover, the Court finds that Ethicon will suffer prejudice absent a stay of the proceedings. If various plaintiffs are allowed to proceed against Ethicon in different forums, including state court, Ethicon will be forced to re-argue the same issues and engage in duplicative motion practice and discovery proceedings. See Blalock, 2011 WL 6217540, at *2 (holding that "the potential burden of engaging in duplicative litigation weighs heavily in favor of staying these proceedings pending MDL transfer.") Any prejudice to Plaintiffs is minimal

since the MDL is proceeding swiftly on the decision to transfer and Plaintiffs' case "will not idle on the MDL's docket."  Rubio, 2013 WL 796669, at *5.  A conditional transfer order has been entered and final briefing on the issue is due on October 15, 2013.  There is no evidence that waiting until the MDL Panel makes its transfer decision would significantly prejudice Plaintiffs.

## I.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to stay and DECLINES TO CONSIDER Plaintiffs' motion to remand.  The October 7, 2013 and October 21, 2013 hearings on the motions are VACATED.  The Court further ORDERS Defendants to notify the Court in writing within seven days after the MDL Panel's decision on transfer of this action to In re: Ethicon, Inc., Pelvic Repair System Products, MDL No. 2327.

**IT IS SO ORDERED.**